UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT HAROLD MAGEE,

    Petitioner,

v.                                                                                             Case No. 09-C-750

JUDY SMITH,

    Respondent.

## ORDER

On July 31, 2009, Robert H. Magee filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Pierce County Circuit Court of first degree sexual assault of a child and was sentenced to five years imprisonment and fifteen years of extended supervision. He is currently incarcerated at Oshkosh Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Magee provides eight grounds in support of his claim that he is being held in violation of the Constitution: 1.) ineffective assistance of counsel for his counsel's failure to object to the deliberating jury's receipt of a videotape containing an interview of the alleged victim and for counsel's failure to request an instruction regarding the proper use of the videotape; 2.) trial court err in permitting the jury to view the videotape during deliberations; 3.) violation of his right to be tried by an impartial jury composed of a cross-section of the community; 4.) trial court error in failure to properly instruct the jury; 5.) the trial judge was not impartial; 6.) he was compelled to incriminate himself in an interview at the police station, where his repeatedly requests for counsel were denied and the video footage of the interview was shown to the jury; 7.) he was never properly informed of the crime with which he was charged; and 8.) his counsel was ineffective for failing to challenge the issues outlined in claims three through seven, which were not raised in the state courts.

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). While the decision to send an exhibit to the deliberating jury is within the discretion of the trial court, *State v. Anderson*, 2006 WI 77, ¶ 27, 291 Wis. 2d 673, ¶ 27, 717 N.W.2d 74, ¶ 27 (citation omitted), an erroneous evidentiary ruling may amount to an unconstitutional violation of the petitioner's due process rights if he was denied a fundamentally fair trial as a result. *Haas v. Abrahamson*, 910 F.2d 384, 389 (7th Cir. 1990) (citations omitted). The Supreme Court has held that the Sixth Amendment guarantees to criminal defendants the right to trial by a jury composed of a fair cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975). Likewise, a faulty jury instruction or response to a jury question can amount to constitutional error if they result in the denial of the petitioner's due process

2

rights. *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973); *Falconer v. Lane*, 905 F.2d 1129, 1135 (7th Cir. 1990). The Due Process Clause of Fourteenth Amendment requires fair trial in fair tribunal before judge with no actual bias against the defendant or interest in outcome of his particular case. *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997) (citations omitted); *see also Franklin v. McCaughtry*, 398 F.3d 955, 959 (7th Cir. 2005) ("The Due Process Clause guarantees litigants an impartial judge . . . ."). Since the Supreme Court's ruling in *Miranda v. Arizona*, 384 U.S. 436 (1966), it has been clear "that a suspect subject to custodial interrogation has the right to consult with an attorney and to have counsel present during questioning, and that the police must explain this right to him before questioning begins." *Davis v. United States*, 512 U.S. 452, 457 (1994). These are at least colorable constitutional issues.

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted).

3

Here, Magee appealed his judgment of conviction to the Wisconsin Court of Appeals. The grounds for his appeal were the first two grounds he advances in support of this petition (i.e., the trial court's alleged error of sending back to the jury the videotape containing the alleged victim's interview and ineffectiveness on the part of his counsel for failing to object to the same). The appellate court affirmed the judgment on May 20, 2008. Magee petitioned the Wisconsin Supreme Court for review, but his petition was denied on July 28, 2008. Thus, it appears that Magee has exhausted his state remedies as to the first two grounds he raises in support of his petition for habeas relief, but not for his remaining six claims, which were never presented to the state courts. The last of Magee's grounds for relief here is a catch-all claim of ineffective assistance of counsel for failing to raise the other five claims in his state proceedings.[1]

Generally, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). But if dismissal would essentially bar a future habeas case because of the statute of limitations, the case may be stayed to provide the petitioner the opportunity to exhaust the remaining claim, notwithstanding

---

[1]Though Wisconsin law generally prohibits a defendant from raising claims that could have been raised either on direct appeal or in an earlier motion for post-conviction relief, *State v. Escalona-Naranjo*,185 Wis. 2d 168, 517 N.W.2d 157 (1994), Magee could have an argument in the state courts that sufficient reason exists to allow him to bring claims in postconviction proceedings under Wis. Stat. § 974.06 not brought on direct appeal as a result of ineffective assistance of appellate counsel. *See State v. Lo,* 2003 WI 107, ¶¶ 50- 57, 264 Wis. 2d 1, ¶¶ 50-57, 665 N.W.2d 756, ¶¶ 50-57; *State ex. rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Wis. Ct. App. 1996) (per curiam) ("It may be in some circumstances that ineffective post-conviction counsel constitutes a sufficient reason as to why an issue which could have been raised on direct appeal was not."), *review denied*, 207 Wis. 2d 291 (1997); *State v. Miller*, No 03-0080, 2004 WL 2102082, *5 (Wis. App. Sept. 22, 2004) (unpublished). In any event, this is an issue which must be resolved by the state courts.

4

*Rose. Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000), *overruled on other grounds*, *Artuz v. Bennett*, 531 U.S. 4 (2000). Here, it appears that the petitioner is quite close to the one-year statute of limitations under AEDPA, as Magee certifies that he mailed his petition on July 28, 2009, a year to the day after the Wisconsin Supreme Court denied his petition for review. *See* Rule 3 of the Rules Governing § 2254 Cases. Thus, I will not dismiss this case.

In a situation like this, the petitioner has two options. He may either (1) have this case stayed while he pursues his unexhausted claims in state court, or (2) he may abandon any claims he has not exhausted (those enumerated above as grounds three through eight) and proceed in this case with his exhausted claims (ineffective assistance of counsel for failing to object to the jury receiving the videotape and the court's error for permitting the jury to view it). The petitioner is **ORDERED** to inform this court as to which of the two options he wishes to pursue. He must file such notice within 30 days of the date of this order.

Dated this     24th     day of August, 2009.

                                           s/ William C. Griesbach
                                           William C. Griesbach
                                           United States District Judge