UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT HAROLD MAGEE,

        Petitioner,

  v.                                      Case No. 09-C-750

JUDY SMITH,

        Respondent.

**ORDER**

On July 31, 2009, Robert H. Magee filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Pierce County Circuit Court of first degree sexual assault of a child and was sentenced to five years imprisonment and fifteen years of extended supervision. He is currently incarcerated at Oshkosh Correctional Institution.

In my August 24, 2009 order under Rule 4 of the Rules Governing § 2254 Cases, I determined that Magee had failed to exhaust his state court remedies for six of the eight claims in his petition for habeas relief. (Doc. # 2.) Based on the petition, I concluded that it appeared Magee had exhausted his state court remedies as to his claims of ineffective assistance of counsel for failing to object to the jury receiving a videotape of an interview with the child victim and error of the trial court for permitting the deliberating jury to view it. I further concluded that both grounds represented at least colorable constitutional claims. The order required Magee to inform the Court

whether he wished to have the case stayed while he pursued his unexhausted claims in state court or abandon any claims he has not exhausted and proceed with his exhausted claims. On August 28, 2009, Magee wrote the Court indicating he wished to proceed with his exhausted claims. (Doc. # 3.)

Magee also requested that the Court appoint counsel pursuant to 18 U.S.C. § 3006A. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." *See* 18 U.S.C. § 3006A(a)(2). Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

The question is whether appointment of counsel would serve the interests of justice. In determining whether the interests of justice will be served by the appointment of counsel in a habeas case, the court considers the difficulty of the case and the petitioner's ability. It is significant in most habeas cases that the issues raised in federal court must first have been raised and fully considered in state court. *See* 28 U.S.C. § 2254(b)(1)(A). This means that typically, assuming he was represented by counsel in state court proceedings, the petitioner will have the benefit of his previous attorney's briefing on the very same issues he seeks to raise in federal court. The one exception may be where the petitioner is claiming that the attorney or attorneys who represented him in the state court proceedings provided ineffective assistance of counsel. That is true of one of the claims Magee raises here.

Nevertheless, I am not convinced that appointment of counsel would serve the interests of justice in this case. Magee appears from his filings to date to have greater than average ability to communicate in writing. In addition, I note that review in a habeas case is of the record that already exists. Thus, there is no need for outside investigation of facts and gathering new evidence. Finally, the issues Magee has raised in his petition, ineffective assistance of counsel and trial court error, are not so complex that denying his request would result in a miscarriage of justice. While my appraisal of the complexity of the case and Magee's ability may change as the matter proceeds, I cannot say at this time that the interests of justice require the appointment of counsel. Accordingly, Magee's request will be denied. The denial is without prejudice, however. In the event circumstances change, I will reconsider Magee's request.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days

3

following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's motion for appointment of counsel is denied without prejudice.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition, the Court's order of August 24, 2009, and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this ___2nd___ day of September, 2009.

                 s/ William C. Griesbach
                 William C. Griesbach
                 United States District Judge

4