# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT HAROLD MAGEE,**

        **Petitioner,**

        **v.**                             **Case No. 09-C-750**

**JUDY P. SMITH,**

        **Respondent.**

## DECISION AND ORDER DENYING PETITION
## FOR A WRIT OF HABEAS CORPUS

### I. PROCEDURAL HISTORY

Robert Harold Magee ("Magee"), a person incarcerated pursuant to a state court judgment, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) On August 24, 2009, the Honorable William C. Griesbach screened Magee's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and noted that Magee had failed to exhaust his state court remedies with respect to certain claims for relief. (Docket No. 2.) In response, Magee indicated that he wished to proceed with only his exhausted claims, i.e. that his counsel was ineffective for failing to object to the jury receiving a videotape during deliberations. (Docket No. 3.) This case was subsequently transferred to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (Docket No. 8.) The respondent has answered the petition, (Docket No. 11), Magee has filed a brief in support, (Docket No. 13), to which the respondent has responded, (Docket No. 17), and Magee has replied, (Docket No. 18.) The pleadings on Magee's petition are closed and the matter is ready for resolution.

Following a jury trial, Magee was convicted of first degree sexual assault of a child in Pierce County Circuit Court and on May 12, 2006 was sentenced to 5 years of initial confinement and 15 years of extended supervision. (Docket No. 1 at 2, 16.) Magee appealed and the court of appeals affirmed his conviction on May 20, 2008. The Wisconsin Supreme Court denied review on July 28, 2008.

Magee contends that counsel should have objected to the jury being provided with a copy of a videotape of the interview of the victim for its use in deliberations. (Docket No. 1 at 6-8.) Magee alleges that counsel's failure to object and to request a cautionary jury instruction denied him his right to the effective assistance of counsel. (Docket No. 1 at 6.) Magee further alleges that the trial court erred in allowing the videotape interview to be sent to the jury room during deliberations. (Docket No. 1 at 7.)

In an unpublished per curiam decision, the court of appeals rejected Magee's contention that his trial counsel was ineffective. (Docket No. 1 at 18-25.) The following relevant facts are contained in the court of appeals' decision:

> Relevant to this appeal, the State presented [the victim's] version of events through her own testimony on the witness stand, as well as two videotaped interviews. The first videotape, lasting approximately forty-six minutes, showed [the victim's] initial report of the incident to Officer Dennis Kreuziger of the River Falls Police Department and Tim Markgraf of Pierce County Human Services. The second videotape, lasting approximately thirty-nine minutes, showed [the victim] being interviewed by Beth Ann Carter, a registered nurse. A defense expert, Harlan Heinz testified out of order due to a scheduling conflict. Heinz, who testified before the second videotape had been completely shown to the jury, offered an evaluation of the techniques law enforcement and child abuse counselors used to interview the victim. Heinz opined that leading questions, examiner bias and previous discussions with other individuals could "contaminate the evidence" garnered when assessing a child regarding sexual abuse.
>
> After the jury began deliberating, the court reconvened when the jury submitted a note asking to see the first videotape—[the victim's] interview by the social worker and detective. The court suggested, "[I]f they ask for one, we'll send them all." Neither the prosecutor nor defense counsel objected. The court sent to the jury room two videotaped interviews of [the victim], as well as a redacted forty-five-minute videotape of Magee's interrogation that had been shown to the jury at trial. Because

2

> the first videotape included an interview with [the victim's] brother that had not been admitted at trial, the court instructed the bailiff "to be present when the jury watches it and do not let them watch [the videotape] after the point where the interview with [the victim] ends." Thirty-nine minutes after the videotapes were sent into the jury room, the court reconvened and the jury returned its verdict.

(Docket No. 1 at 19.)

The court of appeals, relying upon Strickland v. Washington, 466 U.S. 668, 687 (1984) rejected Magee's ineffective assistance of counsel claim stating:

> we conclude that regardless of whether counsel was deficient for failing to object to admission of the videotapes into the jury room, Magee has failed to establish how he was prejudiced. As discussed above, at most, Magee can only argue that sending the videotapes to the jury room presented the "possibility" of overemphasis. *See supra*, ¶9. Because the record is silent as to which, if any, of the videotapes the jury viewed, Magee fails to establish that the jury gave undue emphasis to [the victim's] videotaped interview. Even were we to assume the jury actually watched the subject video during deliberations, it bears repeating that Magee's complaint is not that the jury saw the video again, but that it was viewed in the jury room. As the trial court noted, sending in the videotapes gave the jury an opportunity to apply the testimony of the defense expert regarding interview techniques—something that might have helped Magee. We therefore reject Magee's ineffective assistance of counsel claim and affirm the judgment and order.

(Docket No. 1 at 23.) Further, the court acknowledged that the trial court sending the videotape to the jury room was improper but stated that Magee waived his objection to this impropriety, and the court declined to exercise its discretionary authority to order a new trial. (Docket No. 1 at 20-22.)

**II. STANDARD OF REVIEW**

> Under the Antiterrorism and Effective Death Penalty Act (AEDPA), [a federal court] may grant a petition for habeas relief from a state court judgment only in one of two limited circumstances: if the state court decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Smith v. Grams, 565 F.3d 1037, 1043 (7th Cir. 2009).

The court shall presume that the state court's factual determinations are correct, and the petitioner may rebut this presumption only be clear and convincing evidence. Id. (citing

§ 2254(e)(1)). The petitioner "bears the burden of showing that the state court's finding of fact or its application of federal law was not only erroneous, but unreasonable." Id. (citing Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009); Sturgeon v. Chandler, 552 F.3d 604, 609 (7th Cir. 2009)). Under the "unreasonable application" prong of (d)(1), it is not enough for the federal court to simply disagree with the conclusion of the state court; the state court's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

A petitioner seeking relief pursuant to 28 U.S.C. § 2254 due to an alleged denial of the effective assistance of counsel must demonstrate that the state court's decision on this issue was contrary to or involved an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Wright v. Van Patten, 552 U.S. 120, 122(2008) (per curiam). Under Strickland, a petitioner is entitled to relief only if he can prove the following two elements. Goodman v. Bertrand, 467 F.3d 1022, 1027 (7th Cir. 2006). First, the petitioner must prove that his counsel's performance was unreasonable. In assessing the reasonableness of counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Raygoza v. Hulick, 474 F.3d 958, 962 (7th Cir. 2007) (quoting Strickland, 466 U.S. at 689). A court assessing the reasonableness of an attorney's performance must be cautious not to view counsel with the distorted perspective offered by hindsight; rather, every effort must be made to evaluate an attorney's performance from the perspective of counsel at the time. Strickland, 466 U.S. at 689. An attorney's actions do not become unreasonable simply because they proved unsuccessful. Id.

Second, the petitioner must prove that this unreasonable conduct prejudiced his defense. It is not enough for petitioner to show that the attorney's error had "some conceivable effect on the

4

outcome." Raygoza, 474 F.3d at 962-63 (quoting Strickland, 466 U.S. at 693). But on the opposite side, it is not necessary for the petitioner to demonstrate that the error more likely than not altered the outcome of the case. Id. Rather, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694).

**IV. ANALYSIS**

Magee's contention that the court providing the relevant tapes to the jury was improper does not present an independent cognizable claim for federal habeas relief. Rather, it is subsumed within Magee's allegation that he was denied the effective assistance of counsel. The court of appeals found that Magee had forfeited this argument by failing to lodge an objection at trial. Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). Here, the conclusion that Magee waived this argument by failing to object at trial present an independent state law ground that the state court relied upon and which is adequate to support the state court's judgment.

Alternatively, even if the court were to find a basis to look beyond this shortcoming, Magee has failed to identify a clearly established federal law, as determined by the Supreme Court of the United States, that the court of appeals' decision is contrary to. Novel questions of law cannot form the basis for a state prisoner's federal petition for a writ of habeas corpus. See Wright v. Van Patten, 552 U.S. 120, 125-26 (2008). Thus, the court shall not consider this claim independently and shall consider it only through the lens of Magee's ineffective assistance of counsel claim.

Turning to his allegation that his trial counsel was ineffective, Magee contends that it was unreasonable and prejudicial for his trial counsel not to object to the jury being provided with a

copy of the victim's videotaped statement to review during deliberations and by not requesting a cautionary instruction that the jury should not place undue emphasis upon the tape. (Docket No. 13 at 20-21.)

In a case decided a few months after Magee's conviction, relying upon a prior case dealing with a jury's request to review an audio tape of the defendant's confession, see Franklin v. State, 74 Wis. 2d 717, 724-25, 247 N.W.2d 721 (1976), the Wisconsin Supreme Court outlined the proper procedure to follow when a trial court chooses to exercise its discretion to grant a jury's request to review during deliberations a videotaped statement of a victim:

> The jury should return to the courtroom and the recording should be played for the jury in open court. This procedure minimizes the risk of breakage or erasure of the recording and, more importantly, allows a circuit court to guide the jury, with the assistance of all counsel, so that no part of the recording is overemphasized relative to the testimony given from the witness stand.

State v. Anderson, 2006 WI 77, ¶30, 291 Wis. 2d 673, 717 N.W.2d 74 (2006). In Anderson, in response to a jury request for all exhibits (which included the victim's videotaped statement) and for equipment to view the victim's taped statement, over the defendant's objection, the trial court granted the jury's request. Id. at ¶¶10-11.

> [T]he court stated that it was "going to instruct" the bailiff to instruct the jury to view the videotape only once; that it may stop the videotape at any time; and that it may not rewind or re-watch any part of the videotape. The actual instructions the circuit court gave the bailiff and the bailiff gave the jury are not in the record.

Id. at ¶11.

Later in its deliberations, the jury asked the trial court to read the defendant's and victim's in-court testimony to the jury. Id. at ¶13. Without consulting the parties, the trial court denied the request, stating that reading all of the testimony would be cumbersome, but if there were specific portions that it needed, the court would try to accommodate the request. Id. at ¶13-14. A subsequent question wherein the jury stated that it did not understand the defendant's testimony was again met

6

with the court's unilateral response that the jury would have to be more specific as to what parts of the testimony it would want to have read back. Id. at ¶14.

The Wisconsin Supreme Court held that the trial court's decision to permit the jury to see the victim's videotaped statement, thus essentially "allowing a live witness to testify a second time in the jury room," while denying the jury's request to have the defendant's testimony read back, was prejudicial, and these errors, in addition to other errors relating to the trial court's handling of jury communications, required a new trial. Id. at ¶¶119, 126 (quoting United States v. Binder, 769 F.2d 595, 601 (9th Cir. 1985)).

Because the court of appeals in Magee's case addressed only the prejudice element, this court shall begin with this prong of the Strickland analysis. To prevail on this claim, Magee must demonstrate it was objectively unreasonable for the court of appeals to hold that there was no reasonable probability that, but for counsel's failure to object to the jury being permitted to view the victim's videotaped statement and to request a cautionary instruction, the result of the proceeding would have been different.

Magee has failed to demonstrate that the court of appeals' decision was an unreasonable application of Strickland. Magee's contentions regarding prejudice are entirely speculative.

Magee contends that "[t]here was no possible benefit to the defense to have the State's evidence be shown a second time to the jury—this time, with direct and unrestricted access," (Docket No. 13 at 21), and thus "the prejudice is inherent," (Docket No. 13 at 20). The court disagrees. Although the fact that Magee was convicted demonstrates that the jury did not find the argument persuasive, it is entirely reasonable to suspect that the jury sought to review the victim's interview to analyze it in light of the testimony provided by Magee's expert regarding how child victims may be influenced to make false reports of abuse as a result of certain improper interview techniques.

It is important to note, as the court of appeals did, that it was not the replaying of the tape that was allegedly improper but merely the venue in which it was played; Anderson simply requires that the replay be in open court as opposed to in the jury room. (Docket No. 1 at 23.) As the Wisconsin Supreme Court recognized, allowing the jury essentially unrestricted access to the victim's and defendant's videotaped statements creates the possibility for mischief and the jury placing undue emphasis upon certain evidence. But there is nothing more than speculation that anything like that happened in the present case. In fact, the objective evidence suggests that the jury did not engage in such acts; it simply did not have time to do so. The jury returned its verdict only 39 minutes after receiving the 46-minute exhibit it had requested (however it is unclear if all 46 minutes of the exhibit was the victim's interview; the court of appeals noted that some portion of the exhibit was of the victim's brother which had not been received in evidence and the bailiff should not let the jury see portion that had not been received into evidence, (Docket No. 1 at 19)). At the same time it received the exhibit it had requested, it received a 39 minute tape of the victim's second interview by a registered nurse, and a 45 minute tape of the defendant's statement to law enforcement. (Docket No. 1 at 19.) There simply was not enough time for anything more than a cursory review of a portion of the tape. Thus, the court is unable to conclude that the court of appeals' resolution of this claim was contrary to or involved an unreasonable application of Strickland.

Finally, with respect to Magee's claim that counsel was ineffective for failing to request a jury instruction reminding the jury not to overemphasize the tape, this issue was poorly developed by Magee before the court of appeals. Thus, not surprisingly, the court of appeals did not explicitly address this point. Therefore, the argument may be made that the court's proper standard of review on this claim should the pre-AEDPA de novo standard. See, e.g., Earls v. McCaughtry, 379 F.3d 489, 492 (7th Cir. 2004). Even if the court were to apply the de novo pre-AEDPA standard of

review to Magee's claim that his trial counsel was ineffective for failing to request a cautionary jury instruction, the court would nonetheless conclude that Magee has failed to prove that he was prejudiced by counsel's inaction.

Again, Magee's claims of prejudice are entirely speculative. As a preliminary matter, Magee does not identify what sort of cautionary jury instruction he alleges would have been appropriate. The court does note that the jury was given standard jury instructions, including, "It is the duty of the jury to scrutinize the testimony of the witnesses and determine the effect of the evidence as a whole. You are the sole judges of the credibility, that is, the believability, of the witnesses and of the weight to be given to their testimony." (Ans. Ex. R at 132.) Then, after a standard instruction as to how the jury is to assess credibility, the court instructed, "Then give the testimony of each witness the weight you believe it should receive." (Ans. Ex. R at 133.)

The jury was instructed that it was to consider the evidence as a whole and it is entirely speculative to conclude that the jury disregarded this instruction by overemphasizing a videotaped recording of the victim's statement.

## V. CONCLUSION

Magee's allegations that he was prejudiced as a result of his trial counsel's alleged deficiencies are entirely speculative. Accordingly, the court is unable to conclude that the court of appeals' rejection of Magee's claims was contrary to or involved an unreasonable application of Strickland. Therefore, Magee's petition shall be denied.

Should Magee wish to appeal this court's decision, a prerequisite for an appeal is a certificate of appealability. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); Rule 11 of the Rules Governing Section 2254 Cases. The court finds that a certificate of appealability is appropriate under 28 U.S.C. § 2253(c)(2) and hereby grants Magee a certificate of appealability with respect to the following issue: whether Magee was denied the effective assistance of counsel at trial.

9

**IT IS THEREFORE ORDERED** that Magee's petition for a writ of habeas corpus is **denied**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 24th day of February, 2010.

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge